HARTSOOK

*v.*

· STATON.  ·

(*Special Court of Appeals of Virginia, March, 1879.*)

[Virginia Law Journal, 1879, p. 183.]

'Principal and Agent—Settling Accounts—When Equity Will Take Jurisdiction—Case at Bar.

Where there are mutual accounts to be settled between a principal and his agent; or a discovery is necessary, or when necessary to prevent a multiplicity of suits, or where the ends of justice cannot be attained at law, a court of equity will take jurisdiction of a suit between them; but the bare relation of principal and agent, will not justify the interference of the court in every case, or entitle the principal to come into that court, if the case can be fairly tried at law.

Same—Same—Same—Same.

A case in which a principal filed a bill against his agent, to recover an alleged balance due from the sale of a tract of land sold by the agent for the principal before the late war, and in which the bill was dismissed on the demurrer, on the ground that a court ·of equity would not take cognizance of the case.

From the circuit court of the city of Richmond.

The facts are sufficiently stated in the opinion of the court.

*Steger & Sands,* for the appellant.

*Robert Johnston* and *W. J. Mayo,* for the appellee.

McLAUGHLIN, J., delivered the opinion of the court.

This was a bill in chancery in the circuit court of Richmond city, filed by the appellee, Benjamin S. Staton, against

the appellant, Daniel J. Hartsook, and comes up by appeal
from the decree rendered in the cause by the said court.   It
appears from the allegation of the bill that the plaintiff (the
appellee here), in the fall of the year, 1857, being then a
resident of the state of Virginia, but about to remove to
the state of Missouri, appointed the defendant (the appellant
here) his attorney-in-fact for him, and in his name, to sell
and convey a tract of land in the county of Buckingham.
The said Hartsook was authorized to receive the purchase
money and undertake to transmit it to Staton.   The land
was sold to one Thomas S. Ballard for the sum of $2,400,
payable in three equal instalments, at fixed periods, with
legal interest thereon from certain days.   The mother of
Staton and the widow of his father, then living, not having
relinquished, had a claim of dower in the land.

The bill further alleges that, "to ensure the said Ballard
a good title for the said tract of land, and to induce your
orator's said mother to unite in a conveyance thereof, it was
agreed between your orator, his said mother, and the said
Hartsook, who was a wealthy banker, merchant and farmer,
that he should retain in his hands, upon interest, the last
instalment of said purchase money, when paid by said Bal-
lard, and pay over the interest thereon to the said mother
of your orator, who lived in the neighborhood of said Hart-
sook, during the life of your orator's mother, and at her
death, to pay the same, with any interest thereon from the
last-named period, to your orator."

It is further alleged that the first and second instalments
were collected by Hartsook, and after deducting commis-
sions, transmitted to Staton, that the last instalment of $800
was collected by Hartsook, and as the plaintiff supposes,
the interest was duly paid to Dorathy Staton, the widow,
until her death in the spring of 1866 ; but that Hartsook,
"upon various pretences, which are wholly unfounded and

false, refuses to pay your orator the said sum of $800 with interest thereon from the death of said Dorathy."

Hartsook appeared and demurred, and the demurrer having been argued, the court overruled the demurrer, and required the defendant to answer in ten days. The defendant then answered, and after various proceedings, a final decree was rendered in favor of the plaintiff against the defendant for the sum of $800, with interest thereon from the 1st day of June, 1866, from which he has appealed.

I will consider the demurrer. It is insisted by the appellee that Hartsook being an agent or trustee may be required to account in a court of equity. It is true that when there are mutual accounts between the parties, or a discovery is necessary, a court of equity will take jurisdiction. The bare relation of principal and agent does not justify the interference of the court in every case, or entitle the principal to come into a court of equity if it can be fairly tried at law. Coffman v. Langston, 21 Gratt. 269 ; 1st Story Eq. Jur. § 462. So also the jurisdiction may be maintained to prevent a multiplicity of suits, or where the ends of justice cannot be attained at law.

But conceding Hartsook to be an agent, the jurisdiction of a court of equity cannot be maintained here on any of these grounds. There were no mutual accounts alleged in the bill to be adjusted, no discovery was necessary, there was no danger of a multiplicity of suits, and it does not appear but that the ends of justice might be fully attained at law. The bill alleges that Hartsook collected the last bond, that Mrs. Staton is dead, and that Hartsook is bound to pay the plaintiff this sum with interest from her death. The date of her death is a matter susceptible of proof. There was no difficulty in maintaining a suit at law. The remedy was clear and adequate.

But taking the allegations of the bill for true, as we must

on the demurrer, the agency of Hartsook ceased upon the collection of the last bond, and the fiduciary relation then ceased to exist. Hartsook was then to be treated as a borrower of the money. He was to pay Mrs. Staton the interest annually in lieu of her dower, and at her death, the principal to Staton. At her death he became the debtor of Staton. Surely where the mere relation of debtor and creditor for a fixed and certain amount exists, equity will not take jurisdiction. I think the plaintiff has mistaken his forum. The decree of the circuit court of Richmond city must be reversed, the demurrer sustained, and the bill dismissed with costs, but without prejudice to the appellee to assert his claim in a court of law.

WINGFIELD, P., and BARTON, J., concurred in the opinion of McLAUGHLIN, J.

Decree reversed.